O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA ZAVALA,<br><br>             Plaintiff,<br>    v.<br>FEDERAL HOME LOAN MORTGAGE CORP, et al.,<br><br>             Defendants. | Case No. 5:12-cv-1334-ODW(SPx)<br><br>**ORDER DISMISSING COMPLAINT** |

Upon review of Plaintiff's Complaint, the Court finds that it fails to comply with Federal Rule of Civil Procedure 8 and should be dismissed.

Rule 8(a) requires that a pleading contain a short and plain statement of a claim showing that the pleader is entitled to relief. *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Plaintiff must plead a short and plain statement of the elements of his claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case." *Id.* Further, Plaintiff must eliminate all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like from his complaint. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). The Court should be able to read and understand Plaintiff's pleading within minutes. *Id.* at 1177.

But Rule 8 also requires real facts, and not a subprime-mortgage *scène à faire*. For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Here, Plaintiff's 23-page Complaint alleges that the 6 Defendants committed a myriad of offenses; and states 11 causes of action relating to unlawful lending and mortgage business practices. But the Complaint contains nothing but legal conclusions and generic facts contending that some sort of stereotypical mortgage fraud took place. In total, Plaintiff's Complaint reads like a template that some lawyers cobbled together to extract fees from desperate clients—for no more effort than running a macro to replace party names and attaching clients' mortgage papers as exhibits.

Plaintiff must state facts alleging what each Defendant has specifically done to harm Plaintiff. Reciting speculative wrongful acts will not save a home from foreclosure. Instead, naked allegations violate the good faith requirement of Federal Rule of Civil Procedure 11(b). And this may subject Plaintiff to sanctions. Fed. R. Civ. P. 11(c).

/ / /

The Complaint is hereby **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint within 14 days. Failure to do so will result in dismissal of this action.

**IT IS SO ORDERED.**

August 24, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**